**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

SHARLENE BARNETT

PLAINTIFF

v.                                    3:25-cv-00149-KGB-JJV

FRANK BISIGNANO,
Commissioner,
Social Security Administration,                    DEFENDANT

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

This recommended disposition has been submitted to United States District Chief Judge

Kristine G. Baker.  The parties may file specific objections to these findings and recommendations

and must provide the factual or legal basis for each objection.  The objections must be filed with

the Clerk no later than fourteen (14) days from the date of the findings and recommendations.  A

copy must be served on the opposing party.  The district judge, even in the absence of objections,

may reject these proposed findings and recommendations in whole or in part.

**RECOMMENDED DISPOSITION**

Sharlene Barnett has appealed the final decision of the Commissioner of the Social Security

Administration to deny her claim for disability insurance benefits.  The Administrative Law Judge

(ALJ) concluded she had not been under a disability within the meaning of the Social Security

Act, because she could perform her past relevant work and jobs existed in significant numbers she

could perform despite her impairments.  (Tr. 18-33.)

This review function is extremely limited.  A court's function on review is to determine

whether the Commissioner's decision is supported by substantial evidence on the record as a whole

and to analyze whether Plaintiff was denied benefits due to legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute. Therefore, they will not be repeated in this opinion except as necessary. After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence and Plaintiff's Complaint should be DISMISSED.

Plaintiff is sixty years old. (Tr. 31.) She testified she went as far as the tenth grade in school. (Tr. 293.) She has past relevant work as a retail manager and stock clerk. (Tr. 30-31.)

The ALJ[1] first found Ms. Barnett met the disability eligibility requirements to apply for disability insurance benefits through December 31, 2026. (Tr. 20.) She has not engaged in substantial gainful activity since March 18, 2021 - the amended alleged onset date. (*Id.*) She has

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

a "severe" impairment in the form of "Myasthenia gravis, seizure disorder, history of cerebral vascular accident (CVA)/transient ischemic attack (TIA), and mild osteoarthritis of right knee." (*Id.*)  The ALJ further found Plaintiff did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2]  (Tr. 22-23.)

The ALJ determined Ms. Barnett had the residual functional capacity (RFC) to perform work at the light exertional level but was limited to only occasional climbing, stooping, crouching, kneeling, crawling, and climbing stairs or ramps and never climbing ladders, ropes or scaffolding and cannot perform jobs that would expose her to hazards involving dangerous machinery, unprotected heights, open water, and open flames.  (Tr. 23-24.)  Based on his RFC assessment, the ALJ found Plaintiff could perform her past relevant work as a retail manager.  (Tr. 30-31.)  The ALJ also utilized the assistance of a vocational expert to determine if other jobs existed that Plaintiff could perform despite her impairments. (Tr. 63-69.)   The ALJ alternatively moved to Step 5 of the sequential analysis and concluded Plaintiff could also perform the jobs of office helper, ticket seller and usher.  (Tr. 31-31.)    Accordingly, the ALJ determined Ms. Barnett was not disabled.  (Tr. 32-33.)

The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner.  (Tr. 1-5.)  Plaintiff filed the instant Complaint initiating this review.  (Doc. No. 2.)

In support of her Complaint, Plaintiff argues the ALJ failed to comply with Social Security Regulation 19-4p when evaluating her headache disorder.  (Doc. No. 11 at 8-14.)  She says:

> In her review of Barnett's headache disorder, ALJ Simmons failed to even mention
> SSR 19-4p. She only gives cursory mention to Barnett's "history of headaches" in

---

[2] 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526.

the section of the decision she labels "Non-severe Impairments." Tr. 21. I[n] her review of what she found to be nonsevere impairments, ALJ Simmons grouped Barnett's "history of headaches" with all Barnett's other [medically determinable impairment's] and did not specifically address any of these impairments, despite SSR 19-4p's guidance to do otherwise.

(*Id.* at 9.)

In her opinion, the ALJ addressed Plaintiff's history of migraine headaches as follows:

She had migraine headaches. (Hearing Testimony) She had light sensitivity, and her head" burned," so she went to the emergency room to get a shot for pain. (Hearing Testimony) There were times she could take her Zofran, which made her sick, and also Tylenol. (Hearing Testimony) She did not have migraines very often anymore because she was taking an aspirin twice a day and a beta blocker medication that opened the blood vessels in her brain. (Hearing Testimony) She was hospitalized a year earlier because she thought she was having a heart attack. (Hearing Testimony) The tests suggested she had a neurological issue, TIA, in April 2023. (Hearing Testimony) It did not affect her face or limbs permanently. (Hearing Testimony)
. . .

The claimant presented for an internal medicine consultative examination by David Oberlander, MD, on January 24, 2023. (Exhibit B12F) The claimant complained of episodic seizures that were frequent, typically discrete, with occasional aura of heat and burning sensation, followed by loss of consciousness and, at times, associated with confusion in the aftermath. (Exhibit B12F, p. 2) The claimant reported up to 3-4 seizures a week with migraine headaches, at times quite severe, with irritability to bright lights and loud noises also associated with an undercurrent of nausea. (Exhibit B12F, p. 2) The claimant was tried on numerous anticonvulsant medications with treatment resistant epilepsy. She was recently changed to Lamictal 200mg POBID.

. . .

Dr. Oberlander noted the seizure medication was changed to Lamictal. (Exhibit B12F, p. 2) Review of the medical records show prior EEG idicating [*sic.*]patient at risk for partial seizures. (Exhibit B12F, p. 3) She also had a history of occasional migraine headaches and myasthenia gravis. (Exhibit B12F, p. 3) There was no evidence for ptosis or proximal weakness which could be seen in the context of active Myasthenia gravis. (Exhibit B12F, p. 3)

(Tr. 25-27.)

After careful consideration of Plaintiff's argument, I find the ALJ adequately addressed

4

Plaintiff's allegations of disabling migraine headaches.  I have carefully reviewed SSR 19-4p, re-emphasized in Plaintiff's Reply Brief.  (Doc. No. 17.)  I particularly note "Response to treatment" as outlined in the regulation.  It says,

> We will consider whether the person's headache symptoms have improved, worsened, or remained stable despite treatment and consider medical opinions related to the person's physical strength and functional abilities. When evidence in the file from an AMS documents ongoing headaches that persist despite treatment, such findings may constitute medical signs that help to establish the presence of an MDI.

*Id.* at para. 7.

Here, the ALJ found Plaintiff's headaches were not a "severe" impairment – based on Ms. Barnett's own testimony.  When asked how often she was experiencing these headaches, Plaintiff testified, "I don't have them very often anymore because the doctor has got me on an aspirin twice a day, and he's also got me on a medication which a beta blocker which opens up the vessels in my brain." (Tr. 53.)  So, I agree with the Commissioner that, "She discussed Plaintiff's history of headaches throughout the decision including Plaintiff's allegations during the hearing and at the January 2023 consultative examination (Tr. 25, 26, 53, 873-74)." (Doc. No. 14 at 4.)  I find no error here.

A "severe" impairment is one that significantly limits a claimant's physical or mental ability to do basic work activities.  *Gwathney v. Chater*, 104 F.3d 1043, 1045 (8th Cir. 1997); *Browning v. Sullivan*, 958 F.2d 817, 821 (8th Cir. 1992); 20 C.F.R. § 416.920(c) (2007).  It has "more than a minimal effect on the claimant's ability to work." *Hudson v. Bowen*, 870 F.2d at 1396; *accord, Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007); *Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007).

> (a)   *Non-severe impairment(s).*   An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities.

(b) *Basic work activities.* When we talk about basic work activities, we mean the abilities and aptitudes necessary to do most jobs. Examples of these include--

(1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling;

(2) Capacities for seeing, hearing, and speaking;

(3) Understanding, carrying out, and remembering simple instructions;

(4) Use of judgment;

(5) Responding appropriately to supervision, co-workers and usual work situations; and

(6) Dealing with changes in a routine work setting.

20 C.F.R. §§ 404.1521 and 416.921 (2007).

Here the ALJ could correctly determine her migraine headaches were non-severe. While Plaintiff makes fair arguments, I find the ALJ's step-two decision to be supported by substantial evidence.

Plaintiff submits that remand is required because the hypothetical question posed to the vocational expert was flawed. (Doc. No. 11 at 14-19.) She says, ". . . the ALJ declined to include any limitations for limited memory, concentration, persistence, and maintaining pace, or adapting and managing herself in the hypothetical question presented to the Vocational Expert. Tr. 64-65. She also failed to include any limitations to account for bright lights or loud noises relating to Barnett's migraines or for extra breaks, time off task or pace restrictions related to fatigue. *Id*." (*Id.* at 16.)

The Commissioner responds, ". . . the ALJ posed a hypothetical question to the vocational expert that accurately reflected the RFC limitations described in the ALJ's written decision and properly relied on the vocational expert's answer to meet the Commissioner's burden of production at step five (Tr. 30-32, 63-69)." I agree.

As the Commissioner notes, Plaintiff largely relies on her subjective allegations to support her argument. The ALJ found "the claimant's statements concerning the intensity, persistence,

and limiting effects of these symptoms were not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." (Tr. 25.) And the Commissioner's conclusion here is supported by the objective medical evidence. Plaintiff's numerous diagnostic tests fail to support her claims. Aside from the one MRI that reported, "FLAIR images demonstrate no signal abnormality except for a punctate area of subcortical signal in the inferior right frontal lobe," they all were mostly normal. (Tr. 406-407, 420, 425, 456, 465, 508-510, 520, 521, 640-641, 655, 666, 706, 709, 719, 753-756, 783-785, 795-796, 810, 814, 820, 825, 895-897, 910-913, 929, 941-942, 959, 967, 973, 976-978, 988, 992, 1016, 1024, 1059-1062, 1078, 1093, 1195-1204, 1210-12013, 1253-1258.) And the objective examinations performed by Plaintiff's doctors were much the same. Except notations stating, "Gait abnormality without a structural or peripheral etiology," they revealed nothing disabling. (*See* e.g. 414, 430, 489, 497, 614-615, 716-717, 800, 873-874, 926-927, 1037-1038, 1189-1190, 1207-1208.)

I have carefully reviewed the medical evidence on this issue, and I find no basis to overturn the ALJ's findings. Plaintiff's argument largely rests on her diagnoses and her subjective allegations. I recognize that Plaintiff has received some serious diagnoses. But a diagnosis is not *per se* disabling. There must be a functional loss establishing an inability to engage in substantial gainful activity before disability occurs. Here, the ALJ properly focused on Plaintiff's ability to function despite her diagnoses.

The ALJ's opinion is well supported by the record. While Plaintiff surely disagrees, I find no reversible error with her analysis.

I have carefully considered Plaintiff's other arguments and find them to be without merit. There is substantial evidence to support the Commissioner's decision. Plaintiff had the burden of proving her disability. *E.g., Sykes v. Bowen*, 854 F.2d 284, 285 (8th Cir. 1988). Thus, she bore

the responsibility of presenting the strongest case possible. *Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991). Plaintiff has simply not met that burden.

Counsel for both sides have done admirable work on behalf of their clients. But it is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. The record contains ample support as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also, Robertson v. Sullivan*, 925 F.2d 1124, 1126-27 (8th Cir. 1991). The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, RECOMMENDED that the final decision of the Commissioner be affirmed, and that Plaintiff's Complaint be dismissed with prejudice.

DATED this 18th day of May 2026.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE