**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

**SHARLENE BARNETT** **PLAINTIFF**

**v.** **Case No. 3:25-cv-00149-KGB**

**COMMISSIONER**
**SOCIAL SECURITY ADMINISTRATION** **DEFENDANT**

# ORDER

Before the Court is United States Magistrate Judge Joe J. Volpe's Proposed Findings and Recommended Disposition ("Recommendation") (Dkt. No. 18). Plaintiff Sharlene Barnett filed objections to the Recommendation and requested a *de novo* review of the record (Dkt. No. 19). After conducting a *de novo* review of the record, including the Recommendation and Barnett's objections, the Court adopts the Recommendation in its entirety as this Court's findings in all respects. The Court writes separately to address Barnett's objections.

## I. Background

Barnett is 60 years old (Dkt. No. 18, at 2). Barnett testified that she went as far as the tenth grade in school (*Id.*). Barnett has past relevant work as a retail manager and stock clerk (*Id.*). The Administrative Law Judge ("ALJ") first found that Barnett met the disability eligibility requirements to apply for disability insurance benefits through December 31, 2026 (*Id.*). Barnett has not engaged in substantial gainful activity since March 18, 2021 (*Id.*). Barnett has a "severe" impairment in the form of "[m]yasthenia gravis, seizure disorder, history of cerebral vascular accident (CVA)/transient ischemic attack (TIA), and mild osteoarthritis of right knee" (*Id.*, at 3). The ALJ found that Barnett did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (*Id.*).

The ALJ determined Barnett had the residual functional capacity ("RFC") "to perform work at the light exertional level but was limited to only occasional climbing, stooping, crouching, kneeling, crawling, and climbing stairs or ramps[, limited to] never climbing ladders, ropes or scaffolding, and [could not] perform jobs that would expose her to hazards involving dangerous machinery, unprotected heights, open water, and open flames" (*Id.*). Based on the RFC assessment, the ALJ found that Barnett could perform her past relevant work as a retail manager (*Id.*). The ALJ also utilized the assistance of a vocational expert to determine if other jobs existed that Barnett could perform despite her impairments (*Id.*). The ALJ alternatively moved to Step 5 of the sequential analysis and concluded that Barnett could also perform the jobs of office helper, ticket seller, and usher (*Id.*). Accordingly, the ALJ determined that Barnett was not disabled (*Id.*).

The Appeals Council denied Barnett's request for a review of the ALJ's decision, making his decision the final decision of defendant Commissioner of the Social Security Administration ("Commissioner") (*Id.*). Barnett subsequently filed her complaint, initiating this Court's review (Dkt. No. 2).

After reviewing the evidence, Judge Volpe entered his Recommendation, recommending that the Court affirm the ALJ's decision and that Barnett's complaint be dismissed with prejudice (Dkt. No. 18). Barnett objected to the Recommendation (Dkt. No. 19).

Specifically, Barnett objects to the Recommendation's conclusion that her "argument largely rests on her diagnoses and her subjective allegations" (*Id.,* at 1). Barnett objects to this characterization for two reasons: (1) Barnett's medically determinable mental health impairments were more than just diagnoses; and (2) the Recommendation discounts Barnett's credibility because her mental health impairments are based largely on her subjective complaints (*Id.,* at 2).

## II. Legal Framework

The Court's role in reviewing an ALJ's decision is to determine whether the "findings are supported by substantial evidence in the record as a whole." *Page v. Astrue*, 484 F.3d 1040, 1042–43 (8th Cir. 2007) (citing *Haggard v. Apfel*, 175 F.3d 591, 594 (8th Cir.1999)). "Substantial evidence is relevant evidence which a reasonable mind would accept as adequate to support the Commissioner's conclusion." *Id.* "The fact that some evidence may support a conclusion opposite from that reached by the Commissioner does not alone permit our reversal of the Commissioner's decision." *Id.* (citing *Kelley v. Barnhart*, 372 F.3d 958, 961 (8th Cir.2004)); *Travis v. Astrue*, 477 F.3d 1037, 1040 (8th Cir. 2007). If the record contains substantial evidence to support the Commissioner's decision, the Court may not reverse the decision simply because substantial evidence exists in the record that would have supported a contrary outcome. *Krogmeier v. Barnhart*, 294 F.3d 1019, 1022 (8th Cir. 2002). In other words, the Court cannot reverse simply because "[it] would have decided the case differently." *Id.* (citing *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993)). Further, the Court defers to the ALJ's determinations of the credibility of witness testimony, as long as the ALJ's determinations are "supported by good reasons and substantial evidence." *Pelkey v. Barnhart*, 433 F.3d 575, 578 (8th Cir. 2006) (quoting *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005)).

## III. Discussion

Barnett argues that the ALJ failed to review all required factors regarding her mental health impairments under SSR 16-3p and 20 C.F.R. § 404.1529(c)(3) (Dkt. No. 19). Barnett also argues that, although the Recommendation states that Judge Volpe reviewed all the evidence, the Recommendation errs by dismissing Barnett's arguments because her mental health diagnoses and limitations are primarily based on her subjective complaints (*Id.*, at 2).

When evaluating a claimant's subjective statements about symptoms, the ALJ must consider all evidence relating thereto, including the claimant's prior work record and third-party observations as to her daily activities; the duration, frequency, and intensity of the symptoms; any precipitating and aggravating factors; the dosage, effectiveness, and side effects of medication; and any functional restrictions. 20 C.F.R. § 404.1529(c)(3)(i)–(iv); *Halverson v. Astrue*, 600 F.3d 922, 931 (8th Cir. 2010); *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ must acknowledge and consider these factors, the ALJ need not discuss each one before discounting a claimant's subjective complaints. *Grindley v. Kijakazi*, 9 F.4th 622, 630 (8th Cir. 2021). If the ALJ finds that the claimant's statements are inconsistent with the record evidence, the ALJ must make an express determination and detail specific reasons for the weight given the claimant's testimony. SSR 16-3p, 2017 WL 5180304, at 10 (Oct. 25, 2017); *Renstrom v. Astrue*, 680 F.3d 1057, 1056–66 (8th Cir. 2012); *Cline v. Sullivan*, 939 F.2d 560, 565 (8th Cir. 1991). The Court must defer to the ALJ's determination if it is supported by "good reasons and substantial evidence." *Julin v. Colvin*, 826 F.3d 1082, 1086 (8th Cir. 2016) (quoting *Guilliams,* 393 F.3d at 801).

The Court finds that the ALJ did not err in considering Barnett's subjective complaints. SSR 16-3p explicitly states that an ALJ, when determining whether an individual is disabled, will consider all the individual's symptoms and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical and other evidence in the individual's record. SSR 16-3p, 2017 WL 5180304, at 1 (Oct. 25, 2017). However, SSR 16-3p goes on to say that "an individual's statements of symptoms alone are not enough to establish the existence of a physical or mental impairment or disability." *Id.*

The ALJ found that Barnett's medically determinable mental impairments of major depressive disorder, anxiety, and post-traumatic stress disorder were not severe. In so doing, the ALJ considered four broad functional areas known as the "paragraph B" criteria. The ALJ compared Barnett's subjective complaints with the daily activities that she performed to determine mild limitations for each criterion (Dkt. No. 6-2, at 22–23). The ALJ noted that Barnett's daily activities were not significantly limited (*Id.*). As required by the Commissioner's rules, the ALJ gave due consideration to Barnett's daily activities in evaluating the potential limiting effects of her reported symptoms. 20 C.F.R. § 404.1529(c)(3)(i). Barnett does not contest that she performed a range of recreational and household activities that included cooking, cleaning, laundry, planting flowers, washing her car, shopping, taking medications, and managing funds (Dkt. No. 6-2, at 30.). Daily activities are one factor that an ALJ may consider when weighing the claimant's credibility to determine if the claimant's reported symptoms are consistent with the record as a whole. 20 C.F.R. § 416.929. Indeed, Barnett's daily activities were one factor the ALJ considered in addition to the other evidence in the record.

The Court finds that the ALJ's consideration of Barnett's reported symptoms, limitations, and daily activities were adequate and that the ALJ's conclusions as to Barnett's RFC and disability status are supported by substantial evidence. Therefore, the Court adopts the Recommendation in its entirety (Dkt. No. 18). The Court affirms the decision of the Commissioner and dismisses with prejudice Barnett's complaint (Dkt. No. 2).

**IV. Conclusion**

For the foregoing reasons, the Court:

(1) adopts the Recommendation in its entirety (Dkt. No. 18);

(2) affirms the final decision of the Commissioner; and

(3) dismisses with prejudice Barnett's complaint (Dkt. No. 2).

It is so ordered this 22nd day of September, 2026.

Kristine G. Baker

Kristine G. Baker
Chief United States District Judge